UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 1:21-md-3010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| ASSOCIATED NEWSPAPERS LTD., *et al.* v. GOOGLE LLC, *et al.* | No. 1:21-cv-03446 (PKC) |
| GANNETT CO., INC. v. GOOGLE LLC, *et al.* | No. 1:23-cv-05177 (PKC) |

**DEFENDANTS GOOGLE LLC AND
ALPHABET INC.'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO SEAL MATERIALS
IN OPPOSITION TO PLAINTIFFS DAILY MAIL AND GANNETT'S MOTION
<u>FOR PARTIAL SUMMARY JUDGMENT ON GOOGLE'S AFFIRMATIVE DEFENSES</u>**

Pursuant to Rule 5 of this Court's Individual Practices and paragraph 21 of the Modified Confidentiality Order, ECF No. 685 at 25, Defendants Google LLC and Alphabet Inc. (together, "Google") file this Memorandum of Law in Support of their Motion to Seal Materials in Opposition to Plaintiffs Daily Mail and Gannett's Motion for Partial Summary Judgment On Google's Affirmative Defenses, which seeks to file, redact or keep under seal certain Exhibits to the Declaration of Caroline P. Boisvert in Support of Google's Memorandum of Law in Opposition to Plaintiffs Daily Mail and Gannett's Motion for Summary Judgment on Google's Affirmative Defenses, ECF 1277-1 through ECF 1277-37.

On December 12, 2025, Google filed provisionally under seal its (1) Memorandum of Law in Opposition to Plaintiffs Daily Mail and Gannett's Motion for Partial Summary Judgment on Google's Affirmative Defenses ("Opposition Memorandum"); (2) Response to Plaintiffs Daily Mail and Gannett's Statement of Material Facts Not in Dispute Pursuant to Local Rule 56.1(a) and Statement of Supplemental Material Facts ("SUF Response"); (3) Declaration of Caroline P. Boisvert in Support of the Opposition Memorandum ("Boisvert Declaration"); and (4) Exhibits thereto. *See* ECF 1271 *et seq.* Pursuant to its agreement with Plaintiffs Gannett and Daily Mail, *see id.* at 2–3, Google now moves to seal Google confidential information contained in those filings, which is limited to information contained in certain Exhibits to the Boisvert Declaration. Google also now files publicly other Exhibits to the Boisvert Declaration that include no confidential Google information that it wishes to maintain under seal. In its December 12, 2025 filings—and consistent with the Modified Confidentiality Order—Google also filed under seal information produced and designated as Confidential or Highly Confidential by Plaintiffs Gannett and Daily Mail. The parties have agreed to a reasonable extension of the deadline for Plaintiffs Gannett and Daily Mail to file any application to seal their information

contained in Google's Opposition Memorandum, SUF Response, Boisvert Declaration, or Exhibits thereto until January 6, 2026. ECF 1271 at 2. Accordingly, Google respectfully requests that Google's Opposition Memorandum, SUF Response, Boisvert Declaration, and Exhibits 6–8, 11–20, and 23–37 remain provisionally under seal until that time.

In support of this Motion, Google submits Declarations of Ali Amini and Dan Taylor.

## INTRODUCTION

Google submits this Motion seeking permission to keep under seal certain material contained in the filings described above, to prevent the disclosure of specific non-public information that would, if disclosed, harm the privacy interests of Google's employees and the competitive interests of Google's business. Google's proposed redactions are highlighted in the Exhibits filed contemporaneously herewith.[1]

Google proposes to redact one internal Google document, and excerpts from one expert report which refer to non-public Google data, operational figures, details of specific customer relationships, and competitive analyses. As to those documents, Google proposes narrowly tailored redactions reflecting Google's competitively sensitive business information and technical information.

Google respectfully submits that these details are not necessary for the public to understand and evaluate the disputes raised by Google's filings, which focus on whether Gannett and Daily Mail are entitled to partial summary judgment on certain of Google's affirmative defenses. In deference to the First Amendment interests at issue, Google has endeavored to

---

[1] Google's proposed redactions to its own information are identified with yellow highlighting. Consistent with the Modified Confidentiality Order, Google also proposes to redact any information produced by Plaintiffs Gannett and Daily Mail that is designated as Confidential or Highly Confidential, which is identified with green highlighting. Google takes no position on the confidentiality (or otherwise) of the green highlighted information.

2

narrowly tailor the proposed redactions in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## LEGAL STANDARD

In considering requests to seal or redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors." *See Lugosch*, 435 F.3d at 119–20. Such factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 105 (2d Cir. 1995). As the Court has previously recognized, the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 147 at 3–4 (quoting *Lugosch*, 435 F.3d at 121).

An interest that can outweigh the presumption of access and warrant sealing is "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023). "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest [warranting redaction]." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). Second Circuit courts can and do grant motions to redact portions of documents that contain commercially sensitive or confidential information. *See, e.g., Stegmann ex rel. Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (permitting redactions to a complaint, which drew on internal documents, to "protect against disclosure of confidential and commercially sensitive information that would cause [the company] competitive harm"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to a complaint

3

that were "narrowly tailored to protect competitive business information"); *see also Amodeo II*, 71 F.3d at 1050 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *accord In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014).

## ARGUMENT

For the reasons set forth below, the Court should order that narrowly-tailored redactions should be applied to the publicly-filed versions of the documents implicated by the Sealing Motion.

**I.  The Court should Order that narrowly-tailored redactions can be applied to protect Google's nonpublic competitively sensitive business information.**

Google requests narrowly-tailored redactions necessary to protect its competitively sensitive business information. The specific documents for which Google seeks redaction or sealing are filed contemporaneously herewith and identified in the accompanying Declarations of Ali Amini and Dan Taylor.

First, Google requests narrowly-tailored redactions to protect its non-public data. Declaration of Ali Amini at 3–4. This confidential technical information relates to revenue, fees, and impressions flowing through or concerning Google's products, including with regard to specific advertisers, publishers, or ad tech companies. *See Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (redacting statements related to sales and revenue, analytical testing, market research, and research and development of new products because the producing party would be "competitively harmed if they were revealed").

Second, Google requests narrowly-tailored redactions to material that reflects competitive strategy, including discussions and analyses related to specific customers as well as detailed customer information. Declaration of Dan Taylor at 3–4. This information includes client

4

relationship details and terms, and industry analysis. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions "to specific business information and strategies" which "relate to confidential business information").

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court permit Google to redact certain portions of the materials attached herewith in order to prevent the disclosure of non-public information that, if revealed, would significantly harm the privacy interests of Google's employees and the competitive interests of Google's business.

Dated: December 22, 2025                               Respectfully Submitted,

*/s/ Allison Vissichelli*
Bradley D. Justus
Allison Vissichelli
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 469-3532
Email: bjustus@axinn.com
           avissichelli@axinn.com

Craig M. Reiser
Denise Plunkett
Eva Yung
Christopher Erickson
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, New York 10111
Telephone: (212) 728-2200
Email: creiser@axinn.com
       dplunkett@axinn.com
       eyung@axinn.com
       cerickson@axinn.com

Daniel S. Bitton
AXINN, VELTROP & HARKRIDER LLP
55 Second Street, CA 94105
Telephone: (415) 490-1486
Email: dbitton@axinn.com

Caroline P. Boisvert
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8129
Email: cboisvert@axinn.com

*/s/ Justina K. Sessions*
Justina K. Sessions**
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

Counsel for Defendants Google LLC and Alphabet Inc.

*\*\*Except as to Associated Newspapers Ltd., et al. v. Google LLC, No. 1:21-cv-03446 (PKC)*