# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | Civil Action No. 1:21-md-03010-PKC |

**DECLARATION OF ANDREW CASALE IN SUPPORT OF INDEX EXCHANGE INC.'S LETTER MOTION TO SEAL CONFIDENTIAL INFORMATION**

I, Andrew Casale, hereby declare:

1.      I am the President and Chief Executive Officer of Index Exchange Inc. ("Index"). I make this declaration on my own personal knowledge in support of Index's Letter Motion to Seal Confidential Information. I have personal knowledge of the facts in this declaration or base them on business records which I have reviewed or descriptions provided by counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC (collectively "Google") regarding the content of their expert reports which were filed under provisional seal. If called as a witness, I could and would competently testify to the facts stated herein.

2.      Through my role as the President and CEO of Index, I am personally familiar with Index's business and financial records and Index's recordkeeping, including the sensitive and confidential nature of Index's information. I am also familiar with Index's business operations and strategies. Index keeps its financial and business information confidential in order to protect itself from competitive harm.

3.      Index has produced to Google thousands of pages of documents and terabytes of data in the above-captioned matter and in *United States v. Google LLC*, No. 1:23-cv-108-LMB-JFA (E.D. Va.) (the "DOJ Action") in response to multiple subpoenas Google issued to Index. Index designated certain material in its productions as "confidential" or "highly confidential"

under the applicable protective orders. In addition, I provided deposition testimony in the DOJ

Action on behalf of Index twice—once during the liability phase and once during the remedies

phase—in response to deposition subpoenas that Google issued to Index. I also testified at the

bench trial for the liability phase.

4.      I understand that, on January 23, 2026, Google filed expert reports that contain

information that Index produced and designated as confidential or highly confidential. I understand

that counsel for Google (1) notified Index that these expert reports contained references to Index

or its data and information and (2) provided Index with 14 excerpts of the expert reports containing

Index's data and information.

5.      I have carefully reviewed the excerpts of the expert reports containing Index's data

and information that Google's counsel provided to Index. I conducted this review to determine

whether public disclosure of Index's confidential information contained in the documents would

cause Index competitive harm. Based on my review, I have concluded that 6 of the 14 references

to Index and its data and information contained in the expert reports reflect Index's confidential,

highly sensitive proprietary information, and that the disclosure of this information would damage

Index's competitive standing. These references include confidential, highly sensitive strategic and

proprietary information about Index's customer pricing and transactional data.

6.      Specifically, I understand that Google's expert reports cite or refer to: (1) Index's

average ad exchange fees—also known as "take rates," which are the  fees that Index has

negotiated with its publisher customers—between 2020 and 2022; (2) Index's indirect web non-

video display gross revenue between 2019 and 2022; (3) Index's U.S. indirect open web display

(non-video) exchange spending shares between 2020 and 2022; (4) the global market share of

Index's ad exchange for open display by number of impressions; and (5) the total number of Index impressions for open display between January 2019 and March 2023.

7.      Index is a privately held company and does not publicly release proprietary financial and business information concerning its customer pricing and transactional data. Index takes great care to maintain the confidentiality of this highly sensitive proprietary information, including through confidentiality agreements. Disclosure of this highly sensitive information would cause significant injury to Index and put it at a disadvantage against competitors, who would be armed with non-public knowledge of Index's business and financial status

8.      Further, the public disclosure of Index's take rates would also injure Index's critical and long-fostered relationships with publishers. If Index's take rates became public as a result of this lawsuit, every publisher with a negotiated take rate higher than Index's disclosed average take rate would ask to renegotiate its current take rate with Index, essentially seeking a discount. This result would directly harm Index's business and competitive standing.

9.      Index requests that any references to its highly sensitive proprietary information (specifically, Index's take rates and breakdowns of Index's transaction data listed above in paragraph 6) contained within Google's expert reports be redacted in any version of the reports displayed publicly on the docket. The public disclosure of any of this highly sensitive proprietary information would cause significant harm to Index's competitive standing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February $\underline{\phantom{20.00}}$, 2026

DocuSigned by:

4D70CC76C42B46E...

Andrew Casale

President and Chief Executive Officer
Index Exchange Inc.